### HARRY W. JOSLIN

*v.*

### JOSEPH STOKES et al.

Complainant and defendants were the incorporators of the Standard Rubber Co., a company whose business was to be the manufacture of rubber goods.  It was, according to the certificate of incorporation, to begin business with a capital of $8,400, divided into eighty-four shares; that two of the defendants subscribed together for twenty-eight shares, the other defendant for twenty-eight shares, and the complainant for twenty-eight shares; that it was agreed between the parties that the capital should be $15,000, divided into

Joslin *v.* Stokes.

shares (one hundred and fifty) of $100 each, of which two of the defendants should take and pay for forty-two, and the other for the same number, and that the complainant should devote his time, skill and attention to the manufacture of the goods, and should receive therefor $20 per week, and also the regular dividends upon the twenty-eight shares of the stock subscribed by him, which dividends should be applied to the purchase of the stock until the twenty-eight shares had been issued to him at par—*i. e.,* fourteen shares by the two defendants and fourteen by the third; that complainant should have the right to vote on the twenty-eight shares meanwhile, and if he failed to render the stipulated service, the agreement to be void; that the agreement should continue for three years, unless sooner determined by complainant's failure to render the services required, or by his purchasing the twenty-eight shares out and out, or by mutual consent. Complainant further avers that he did perform his part until prevented by the defendants; that thereafter he tendered his services, which they refused; that none of the stock has been issued to him, and that he believes considerable profit has been realized by the company from his services, and that more would have been realized but for defendants' interference. On demurrer to a bill for specific performance and for general relief— *Held,* that the contract was with the defendants individually, and that the corporation was not bound; that complainant's remedy was at law, except perhaps as to the issuing of the stock, as to which there is no direct allegation that any dividends were ever declared or even earned, nor that the stock has such a value that damages at law for the breach of the contract will not fully compensate complainant; and, further, that a decree of specific performance would require defendants to restore complainant to his former position in the company's service, while it does not appear that it is in their power to do so; and that the agreement was not a contract of partnership.

---

Bill for specific performance. On bill and general demurrer.

*Mr. J. S. Aitkin,* for demurrants.

*Messrs. Polk & Rellstab, contra.*

The Chancellor.

This suit is brought against Joseph Stokes, J. Oliver Stokes and John H. Ferris, to enforce specific performance of an agreement. The bill states that on the 24th of June, 1881, the complainant and defendants executed a certificate of incorporation for the formation of a company, under the name of the Standard Rubber Company, to manufacture rubber goods; that the busi-

Joslin v. Stokes.

ness was to commence at that date and continue until the expiration of fifty years; that the company began business with a working capital of $8,400, which was held in the following proportions: John H. Ferris twenty-eight shares (the shares were $100 each), the complainant twenty-eight, Joseph Stokes eighteen, and J. Oliver Stokes ten; that the certificate was acknowledged and recorded on the same day, and was filed in the secretary of state's office on the 27th of the same month; that subsequently, and on the 1st of July following, the parties to this suit entered into an agreement of that date, by which they agreed to enter into a joint stock company, under the name, style and title of the Standard Rubber Company, for the manufacture of rubber gossamer cloth and other rubber goods, to be carried on at Chambersburg (in Mercer county), with a capital of $15,000, divided into equal shares of $100 each, and that Joseph and J. Oliver Stokes should together take forty-two shares, and [so] put into the business $4,200, and John H. Ferris should take the like amount of shares, and [so] put in the like sum, and that the complainant should devote his time, skill and attention to the manufacture of the goods, and should receive such compensation for his services as might from time to time be determined and agreed upon, and should also be entitled to and receive, in addition to such stated compensation, the regular dividends to be declared from time to time by the company upon "the twenty-eight shares of stock, which dividends should be used and appropriated for the purchase of that stock until the whole of twenty-eight shares should be issued to him at their par value, fourteen shares thereof by Joseph Stokes and J. Oliver Stokes, and fourteen shares thereof by John H. Ferris;" that the complainant should have the right to vote upon the twenty-eight shares in reference to all the affairs of the company, although the certificates might not all be issued to him; that should he fail to render the services required of him, the agreement and everything therein contained should be void and of no effect, and that the terms and stipulations of the agreement should continue for the full term of three years from the date thereof, unless sooner determined by the failure of the complainant to

render the services required of him, or by his purchasing the whole twenty-eight shares, or by the mutual consent of all the parties. The bill states that $20 per week was the amount agreed upon for the compensation mentioned in the agreement; that the complainant entered upon the execution of the contract and continued therein for a time, but was prevented from further performance thereof by the acts of the defendants. It alleges a subsequent tender and refusal of his services, states that none of the stock has been issued to him, and that he believes considerable profit has been realized by the company by reason of his services, and that more would have been realized if the defendants had permitted him to continue in the performance of the contract. The bill prays a specific performance and general relief. The defendants have demurred generally.

The agreement was manifestly a collateral arrangement on the part of the real owners of all the stock of the corporation, by which the services of the complainant for the corporation and in its manufacturing business were to be secured. But whatever its binding effect on the stockholders who were party to it, it was not binding on the corporation itself. Specific performance of it, therefore, could not be enforced against the latter. Moreover, the corporation is not a party to this suit. As regards the breach of the contract, except as to the complainant's right to the stock, which was to become his property as soon as the regular dividends thereon should amount to its par value, the complainant clearly has an adequate remedy at law. And as to the stock, it does not appear that there ever were any dividends declared, nor that any were ever earned. The bill indeed states that the complainant verily believes that considerable profit has been realized by the company by reason of his services, and that more would have been realized if the complainant had been permitted to continue in the performance of the contract; but it does not even state that there were profits enough made to justify the company in declaring a dividend. The complainant, according to the terms of the agreement, was not to be entitled to the stock until the regular dividends to be declared upon it from time to time should amount to its par value, or he should pay for it. Nor is

Joslin v. Stokes.

there anything in the bill to show the necessity for a recourse to equity in regard to the stock. It is not declared that it has such a value that such damages as would be given at law for the breach of the contract would not fully compensate for it. Nor does it appear that it has any value at all. And whether it has or not, the complainant was a subscriber of the twenty-eight shares, and the relief he seeks in reference to it is not against the company but against those who agreed with him that they would pay for it, and that on condition of service he should have the dividends declared upon it as the means of paying his subscription or repaying them. I see no reason why, under the statements of the bill, the complainant has not an adequate remedy at law. While in some cases contracts for personal property are enforceable in equity, the court will weigh such cases with greater nicety than those which relate to real property. Where the rights of the party complainant under a contract will be fully satisfied by an account of profits, and a payment of the sum found due thereby, and there is no obstacle to the recovery of such amount at law, a suit for specific performance cannot be maintained. *Pom. on Cont.* § *48.* There is nothing averred in or to be implied from the statements of the bill to show that the complainant has not an adequate remedy at law. Further, to decree specific performance would be to require the defendants to restore the complainant to his former position in the service of the company. But it does not appear that that is within their power. In fact it does not appear that they own any of the stock at all now. The bill alleges that the complainant, after the execution of the contract, entered upon the performance of his part of it and continued therein until the 26th of February, 1881 (written by mistake for 1882 or 1883), when he was prevented from further performance by the acts of the defendants, who threatened him with ejectment if he did not leave the premises peaceably. While it may be presumed that the pleader intended by this statement to aver that the acts complained of were without just cause, it is by no means a necessary implication from the language. It may be added that before the termination of this suit in the ordinary course of proceeding, the term of three years, mentioned in the

agreement, will have expired. It is urged on the part of the complainant that the agreement constituted a partnership between the parties, and that the bill ought, in that aspect, at all events, to be retained for the purpose of an account of the profits. It is enough to say on that head that that is not the frame of the bill. It may be added that the agreement is not a contract of partnership, but of the employment of the complainant by the defendants to serve the company in a certain business capacity for certain compensation. The demurrer will be allowed and the bill dismissed, with costs.